# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1082V
Filed: May 25, 2017

```
* * * * * * * * * * * * * * * * * * * * * * * * *
LYNN HENDERSON,                    *        Not for Publication
                                   *
                Petitioner,        *
      v.                           *        Attorneys' Fees and Costs;
                                   *        Hourly Rate; Non-Forum.
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
                Respondent.        *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner.*
*Althea Davis, United States Department of Justice, Washington, DC, for respondent.*

### DECISION GRANTING ATTORNEYS' FEES AND COSTS IN PART[1]

**Roth,** Special Master:

On November 5, 2014, Lynn Henderson ("Ms. Henderson" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleged an influenza ("flu") vaccine she received on December 1, 2011, led to the development of occipital neuralgia. *See generally* Petition ("Pet."), ECF No. 1. The undersigned dismissed this case for failure to demonstrate entitlement to compensation on November 4, 2016. Decision, ECF No. 37. Petitioner now seeks an award of attorney's fees and costs in the amount of $28,010.44, pursuant to Section 15(e) of the Vaccine Act. Motion for Attorneys' Fees ("Motion for Fees"), ECF No. 58, at 2. After careful consideration, the undersigned has determined to **grant the request in part** for the reasons set forth below.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

# I.     Applicable Law.

The Vaccine Act allows Special Masters to award attorneys' fees and costs to a petitioner if the claim was brought in good faith and with "reasonable basis." § 15(e). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs. *Perreira v. Sec'y of HHS*, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); *see also Saxton ex rel. Saxton v. Sec'y of HHS*, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.") For instance, it is within a special master's discretion to reduce fees *sua sponte*, without warning to petitioners. *Sabella v. Sec'y of HHS*, 86 Fe. Cl. 201, 208-09 (2009).

When considering motions for attorney fees and costs, the Court employs the lodestar method. *Avera v. Sec'y of HHS*, 515 F.3d 1343, 1349 (Fed. Cir. 2008); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 ("the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonable expended on the litigation times a reasonable hourly rate." (internal citations omitted). That said, a special master is not required to conduct a "line-by-line" analysis of a fee request. *Broekelschen v. Sec'y of HHS*, 102 Fed. Cl. 719, 729 (2011). Additionally, a special master is "entitled to use…prior experience in reviewing fee applications," including experience with particular attorneys. *Riggins v. Sec'y of HHS*, 406 Fed. Appx. 479, 481 (Fed. Cir. 2011) (citing *Saxton*, 3 F.3d at 1521 (Fed. Cir. 1993)). While respondent does have the opportunity to object to the amount of fees requested, pursuant to the Vaccine Rules, when no justification or specific objection is proffered, her "representation carries very little weight." *Reyes v. Sec'y of HHS*, No. 14-953V, 2016 WL 2979785, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2016) (specifically when the attorneys of record supply detailed time sheets and present a *complete* case).

In *Avera*, the Federal Circuit noted that the forum rate should only be deviated from when the "*Davis* exception" applies. *Avera*, 515 F.3d at 1349 (Fed. Cir. 2008). The *Davis* exception applies when the bulk of an attorney's work "is done outside the jurisdiction of the court and where there is a *very significant* difference in compensation favoring D.C." *Id*. (citing *Davis Cnty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. E.P.A.*, 169 F.3d 755, 758 (D.C. Cir. 1999) (emphases in original).

# II.     Discussion.

Petitioner has requested $23,925.98 in attorneys' fees and $4,084.46 in costs, for a total of $28,010.44. Motion at 4. In accordance with General Order #9, petitioner's counsel has represented that petitioner did not incur any out-of-pocket expenses. Motion at 45. Respondent filed a response to petitioner's motion for fees on March 21, 2017. Respondent made no specific objection to petitioner's fee application, but merely stated that he was satisfied that the requirements for an award of fees and costs had been met, and recommended "that the special master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3.

A. Reasonable Attorneys' Fees

Petitioner billed at the following hourly rates for Mr. Richard Gage: $373.75 for work performed in 2014; $387.50 for work performed in 2015; and $401.75 for work performed in 2016 and 2017. Additionally, petitioner has requested hourly rates of $350 for attorney Donald Gerstein, $135 for paralegals Susan McNair and Brian Vance, and $120 for paralegals Helen Nelson and Fred Hurlburt.

In the instant application, petitioner has requested forum rates for Mr. Gage, Mr. Gerstein, and their paralegals. Petitioner has argued that there is not a "very significant" difference between Mr. Gage's local rate in Cheyenne, Wyoming, and the forum rate that Mr. Gage would receive under *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015),[3] and therefore, he does not fall within the *Davis* exception. Mr. Gage provided affidavits of colleagues, who affirm that an appropriate local rate for Mr. Gage would be $300. Supplement to Motion for Fees at 13-18. Additionally, Mr. Gage has provided examples of hourly rates from fee-shifting decisions from Denver, Colorado; he explained that Denver "is the closest metropolitan area to Cheyenne and is 100 miles away." *Id.* at 6. This does little to persuade me that local rates in Cheyenne would be comparable to forum rates.

Furthermore, in a recent decision rendered by Special Master Gowen, he held that Mr. Gage falls within the *Davis* exception and does not qualify for forum rates. Special Master Gowen found that the 28.62% difference between appropriate local and forum rates for Mr. Gage was "very significant," triggering the *Davis* exception. *Onikama v. Sec'y of HHS*, No. 15-1348, 2017 WL 1718798 (Fed. Cl. Spec. Mstr. Apr. 3, 2017). Special Master Gowen's decision is in keeping with several other decisions which have held that Mr. Gage is not located in a forum jurisdiction. *See Auch v. Sec'y of HHS,* No. 12-673V, 2017 WL 1718783 (Fed. Cl. Spec. Mstr. Apr. 5, 2017); *McErlean v. Sec'y of HHS,* No. 13-543, 2016 WL 4575583 (Fed. Cl. Spec. Mstr. Jul. 28, 2016); *Hall v. Sec'y of HHS*, 640 F.3d 1351 (Fed. Cir. 2011). Special Master Gowen awarded Mr. Gage an hourly rate of $300 for work performed in 2015, and adjusted it using the 3.7% inflation rate from *McCulloch* to determine a 2016 hourly rate of $311. I find the special master's decision to be well-reasoned and hereby follow his approach. Therefore, attorneys' fees have been awarded accordingly:

---

[3] The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based on the experience of a practicing attorney. According to *McCulloch*, if an attorney has been practicing for 20 or more years, reasonable rates for work performed from 2014 to 2015 range from approximately $350 to $425 per hour. If an attorney has 11 to 19 years of experience, $300 to $375 is proper. An appropriate range for an attorney with 8 to 10 years of experience would be $275 to $350. For 4 to 7 year years of experience, $225 to $300 is sufficient. If an attorney has fewer than 4 years of experience, he/she should receive between $150 and $225.

| | Mr. Gage's Requested Rate | Adjusted Rate | Difference | Hours | Fees Requested | Deduction | Fees Awarded |
|---|---|---|---|---|---|---|---|
| 2014[4] | 373.75 | 300 | 73.75 | 10.7 | 3959.32[5] | 749.32 | 3210.00 |
| 2015 | 387.50 | 300 | 87.50 | 15.7 | 6083.75 | 1373.75 | 4710.00 |
| 2016 | 401.75 | 311 | 90.75 | 7.5 | 3013.19[6] | 680.63 | 2332.50 |
| 2017[7] | 401.75 | 318 | 83.75 | 0.5 | 200.88 | 41.88 | 159.00 |
| **Total** | | | | | **13,256.98[8]** | **2845.58** | **$10,411.50** |

In *Onikama*, the special master awarded paralegals Susan McNair and Brian Vance an hourly rate of $120, and paralegal Anne Hess an hourly rate of $100. Here, petitioner has requested an hourly rate of $135 for Ms. McNair and Mr. Vance, and an hourly rate of $120 for paralegals Helen Nelson and Fred Hurlburt. Following *Onikama*, Ms. McNair and Mr. Vance are awarded an hourly rate of $120, while Ms. Nelson and Mr. Hurlburt are awarded an hourly rate of $100.

| | Paralegals' Requested Rate (SM/BV) | Adjusted Rate | Difference | Hours | Fees Requested | Deduction | Fees Awarded |
|---|---|---|---|---|---|---|---|
| SM/BV | 135.00 | 120.00 | 15.00 | 27.8 | 3,618.00[9] | 282.00 | 3,336.00 |
| HN/FH | 120.00 | 100.00 | 20.00 | 32.8 | 3,936.00 | 656.00 | 3,280.00 |
| **Total** | | | | | **7,554.00** | **938.00** | **$6,616.00** |

---

[4] Mr. Gage's hourly rate for 2014 was derived using the Consumer Price Index Calculator ("CPI Calculator"). The CPI Calculation for 2014-2015 resulted in a difference of 6 cents; therefore, it was rounded to the nearest dollar - $300. *CPI Inflation Calculator*, U.S. Bureau of Labor Statistics, http://data.bls.gov/cgi-bin/capical.pl (last accessed May 8, 2017).

[5] While mathematically, 373.75 x 10.7 = 3,999.13, Mr. Gage billed 0.4 hours at a rate of $274 instead of his requested rate for 2014 of $373.75, therefore his requested fees for 2014 should be $3,959.32.

[6] While mathematically, 401.75 x 7.5 = 3,013.13, due to rounding, Mr. Gage's requested fees for 2016 is $3,013.19.

[7] Mr. Gage's hourly rate for 2017 was determined by adjusting his 2016 rate using the PPI-OL index and rounding to the nearest whole dollar. The PPI-OL data is available at www.bls.gov/ppi/#data. The industry code for "Offices of Lawyers" is 541110.

[8] While mathematically the total sum of fees requested equals $13,257.14, due to mathematical errors on his part, Mr. Gage requested $13,256.98 in fees.

[9] While mathematically, $135 x 27.8 hours equals $3,753, petitioner only requested $3,618 in fees for paralegals Susan McNair and Brian Vance.

Mr. Gage's associate, Donald Gerstein, has been a licensed attorney for 30 years, but has been practicing in the Vaccine Program since 2010. Hourly rates for Mr. Gerstein were not addressed in *Onikama*; therefore, the undersigned looked to Special Master Millman's decision in *McErlean*, where she awarded Mr. Gerstein an hourly rate of $233 for work performed in 2014. The undersigned finds a rate of $233 to be somewhat low, because while Mr. Gerstein has less experience in the Vaccine Program, he does have 30 years of experience as an attorney overall. Therefore, the undersigned awards Mr. Gerstein an hourly rate for 2014 of $250.

| | Mr. Gerstein's Requested Rate | Adjusted Rate | Difference | Hours | Fees Requested | Deduction | Fees Awarded |
|---|---|---|---|---|---|---|---|
| 2014 | 350.00 | 250.00 | 100.00 | 8.9 | 3,115.00 | 890.00 | 2,225.00 |
| **Total** | | | | | **$3,115.00** | **$890.00** | **$2,225.00** |

After reviewing the billing records, the amount of hours billed seems reasonable and I see no erroneous or duplicative billing. *See generally* Pet. Ex. 20. I therefore see no reason to further reduce petitioner's fees, other than the reductions made above. Petitioner is awarded **$19,252.50** in attorneys' fees.

### B. Reasonable Costs

Petitioner has requested $4,084.46 in costs, including $2,685 in expert fees and $475.14 in costs associated with obtaining medical records. Motion at 27-28. These costs appear to be reasonable and appropriate in light of the facts of this case; therefore, I see no need to reduce them.

### III.    Total Award Summary.

In light of the foregoing and pursuant to § 15(e)(1), I find that petitioner is entitled to an award of fees and costs. For the reasons contained herein, **a check in the amount of $23,336.96**[10] **made payable jointly to petitioner, Lynn Henderson, and petitioner's counsel of record, Richard Gage, for petitioner's attorneys' fees and costs shall be issued.**

The clerk of the court shall enter judgment in accordance herewith.[11]

---

[10] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[11] Entry of judgment can be expedited by each party's filing or a joint filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master